IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                        CASE NO. 23-03743-ESL

SALOMON LEVIS GOLDSTEIN                        Chapter 13

Debtor

OPINION AND ORDER

This case is before the court upon the *Trustee's Motion to Convert or Dismiss* (the "*Motion to Convert or Dismiss*") filed by the Chapter 13 Trustee, Osmarie Navarro Martinez (the "Trustee") (dkt. #43) arguing that Debtor is ineligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e). Also pending before the court are Debtor's *Response to "Trustee's Motion to Convert or Dismiss" Filed at Docket No. 43* (the "*Response*") (dkt. #70), and the *Trustee's Motion in Compliance with Order Submitting Opposition to Debtor's "Response to 'Trustee's Motion to Convert or Dismiss' Filed at Docket No. 43" Dkt. 71* (the "*Reply*") (dkt. 82).

For the reasons stated below, this court finds that Debtor is ineligible for Chapter 13 relief. The *Motion to Convert or Dismiss* is GRANTED and the case is hereby dismissed.

Procedural Background

1.      Debtor filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code, his Schedules, Statement of Currently Monthly and Disposable Income Calculation, and Statement of Financial Affairs on November 14, 2023 (dkt. #1).[1]

2.      In *Schedule A/B: Property* ("*Schedule A/B*"), Debtor identified a property located at Calle Cerezo #5, Urb. San Patricio, Guaynabo PR 00968 (the "Property") as "Fee Simple (Community Property)", with a current value of $3,250,000.00 relating to the portion owned by

---

[1] The chapter 13 bankruptcy petition and its schedules were revised after a *Notice of Deficient Filing and Notice of Possible Dismissal* for failure to submit certain documents and because the original filing included confidential information that was later redacted was entered. See dkts. #4, 6, 9, 15, and 16.

him ($6,500,000.00 for the entire Property) (dkt. #1-1, p. 13, item 1.1.). Debtor also disclosed that he "ceded [his] share to spouse". Id. See also *Amended Schedule A/B*, dkt. #14-1, p. 13.

3. In *Schedule D: Creditors Who Have Claims Secured by Property* ("*Schedule D*"), Debtor identified two (2) secured creditors: Banco Popular de Puerto Rico ("Banco Popular") with a contingent, unliquidated and disputed claim of $1,000.00 relating to an agreement (such as mortgage or secured car loan) secured by collateral valued at $1,000.00, and Corporación de la Comunidad San Patricio, Inc. ("Comunidad San Patricio"), with a contingent, unliquidated and disputed claim of $8,416.00 relating to a judgment lien secured by collateral valued at $500.00 and an unsecured portion of $500.00 (dkt. #1-1, p. 25). Both claims are secured by the Property and relate to community debt (id.).

4. In *Schedule E/F: Creditors Who Have Unsecured Claims* ("*Schedule E/F*"), Debtor identified the following creditors as having priority unsecured claims: Banco Popular with a contingent, unliquidated, and disputed claim of $1,000.00 for domestic support obligations, Comunidad San Patricio, with a contingent, unliquidated, and disputed claim of $8,416.00 ($500.00 priority amount and $500.00 nonpriority amount) for taxes and certain other debts owed to the government (dkt. #1-1, p. 28). Debtor also included a claim with a priority amount of $200,000.00 for taxes and certain other debts owed to the government but did not include a creditor name (id., p. 29). The forgoing claims are subject to offset (id., pp. 28-29). Debtor also identified the following creditors as having nonpriority unsecured claims: Sergio Blanco with a contingent, unliquidated claim of $80,000.00 for a personal loan, Raul Menendez with a contingent, unliquidated claim of $50,000.00 for a personal loan, Mariela Levis with a contingent, unliquidated claim of $128,000.00 for a personal loan, Salymar Investments, Inc., with contingent, unliquidated claims of $152,000.00 and $108,000.00 for loans related to the sale of property, and Thomas Green, Esq., with a contingent, unliquidated claim of $500,000.00 for a

personal loan (id., pp. 30-31). Debtor identified the total unsecured claims as $1,100.500.00 (id., p. 33). See also *Amended Schedule E/F*, dkt. #14-1, pp. 30-31 and 33.

5. On November 29, 2023, Comunidad San Patricio filed a proof of claim in the secured amount of $9,604.75 on account of homeowners' association fees (POC #2-1).

6. On December 13, 2023, Banco Popular filed two proofs of claims in the unsecured amounts of $4,668.64 (POC #4-1) and $53,234.85 (POC #5-1), respectively, both on account of VISA credit cards.

7. On December 22, 2024, Banco Popular filed and subsequently amended a proof of claim in the secured amount of $4,881,227.42, with arrears of $1,550,566.90, on account of a mortgage note (POC #6-2). POC #6-2 is secured by the Property.

8. It is uncontested that the secured debt disclosed in *Schedule D* with creditor Banco Popular is the same claimed by Banco Popular in POC #6-2.

9. On January 8, 2024, the Trustee filed the *Motion to Convert or Dismiss* (dkt. #43), arguing that Debtor is ineligible to be a Chapter 13 debtor under 11 U.S.C. § 109(e).

10. On February 27, 2024, Debtor filed his *Response* (dkt. #70).

11. On February 28, 2024, the Court granted the Trustee twenty-one (21) days to state their position as to the *Response* (dkt. #71).

12. On March 19, 2024, the Trustee filed the *Reply* (dkt. 82).

13. On April 12, 2024, the U.S. Trustee filed a *Motion to Show Case under Section 329, Federal Rules of Bankruptcy Procedure 2017, and PR LBR 2016-1(f)* (dkt. #83) (the "*Motion to Show Cause*"), averring that there are numerous errors in Debtor's bankruptcy petition and schedules, which —prior to the filing of such motion— had already been amended twice (dkt. #9 and #14). The U.S. Trustee avers that such deficiencies reflect that Debtor's counsel failed to exercise proper care in preparing the petition and related bankruptcy documents, neglected to list

the correct amount of Banco Popular's claim, misclassified other claims, and left many entries either unanswered or incorrectly answered, and advised Debtor to file under Chapter 13, for which he is ineligible. As such, they request Attorney Saxton and Juris Zone show cause as to why the proposed fee arrangement should not be cancelled or otherwise reduced.

14. On April 26, 2024, the Debtor filed a *Response to "United States Trustee's Motion to Show Case under Section 329, Federal Rules of Bankruptcy Procedure 2017, and PR LBR 2016-1(f)" Filed at Docket No. 83* (dkt. #84), averring that a new application for compensation form will be filed; that the errors and/or omissions regarding the initial filings were promptly corrected; that Debtor surrendered all interest in the Property and that the entirety of the debt owed to Banco Popular cannot be attributed solely to Debtor nor computed in its entirely for eligibility purposes; that Banco Popular's POC #6 will be included under Section 3.5 of any future amended plan, in order to surrender the collateral and any Debtor's interest in the Property.

## Jurisdiction

The court has jurisdiction over the instant contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2). See In re Ashley Oaks Dev. Corp., 458 B.R. 280, 282 (Bankr. D.S.C. 2011) (finding that the disposition of motions to convert or dismiss constitutes a core proceeding under 11 U.S.C. § 157(b)(2)).

## Issues

The issue under the court's consideration is whether Debtor meets the eligibility requirements of Section 109(e) to be a Chapter 13 debtor. Specifically, the court must determine whether Debtor's noncontingent, liquidated claims exceed the $2,750,000.00 threshold.

<u>Position of the Parties</u>

A.    *Trustee's Motion to Convert or Dismiss and the Reply*

The Trustee contends that – as of the date the *Motion to Convert or Dismiss* was filed – Debtor owed $4,890,832.17 in secured debts, $576,622.09 in non-priority unsecured debts, and $54,680.31 in priority secured debts. The total debt owed by Debtor was $5,522,134.57. The Trustee also argues that the mortgage loan in the amount of $1,000.00 owed to creditor Banco Popular and listed in *Schedule D* as noncontingent, unliquidated, and disputed, is a secured, noncontingent and liquidated debt. Thus, it is the Trustee's position that Debtor's total debts exceed the amounts provided in 11 U.S.C. § 109(e) and Debtor is not eligible for Chapter 13 relief. The Trustee also argues that Banco Popular's POC #6-2 should be counted for eligibility purposes in the amount so indicated in such proof of claim. The Trustee requests that Debtor be ordered to convert the case to another chapter and should Debtor fail to do so, the case be dismissed.

The Trustee also argues that the *Response* does not comply with PR LBR 9013-2(a) as it does not include any legal authorities in support of Debtor's position and should be denied outright. The Trustee further argues that Debtor did not execute a public deed to transfer his interest in the Property as required by Article 30 of the Puerto Rico Mortgage Law, P.R. LAWS ANN. tit. 30, § 6045, and that the sworn statement executed by Debtor, indicating that the 100% of the net proceeds from the sale of the Property will be for his former spouse (dkt. #52-1), is insufficient to transfer his interest in the Property. The Trustee argues that even if, *arguendo*, Debtor executed a public deed to transfer his interest in the Property, he would still owe the debt because Article 1185 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 9424, requires that a creditor consents to extinguishing a debtor's debt ("novación por expromisión" in the Spanish language). Further, the Trustee argues that Debtor recognized the validity of the debt owed to Banco Popular

by proposing the surrender of the Property in favor of Banco Popular, and that Debtor did not question and/or dispute the Trustee's argument that said debt is liquidated and noncontingent.

B.     *Debtor's Response to Trustee's Motion to Convert or Dismiss*

Debtor avers that he "ceded" his interest in the Property that secures Banco Popular's claim to his ex-wife and, for that reason, "it should not be counted for eligibility" (dkt. #70, p. 3). Debtor also argues that, because the Property was a "community and marital property", the entirety of the debt claimed by Banco Popular cannot be solely attributed to Debtor, nor can the debt be considered in its entirety for eligibility purposes (id.). Debtor also states that he has been in conversations with Banco Popular's counsel and had agreed to surrender the Property and any interest Debtor may have in such Property (id., at p. 4). Debtor alleges that the Property is not necessary for Debtor's reorganization plan because Banco Popular's POC #6-2 "is higher than the current property value" (id.). Debtor did not submit any documents to support its arguments. Instead, Debtor limits himself to referencing a sworn statement executed by Debtor in the Spanish language (dkt. #52-1). Further, the court notes that Debtor's *Response* contains not a single citation to any relevant controlling authority in support of his position, in violation of the PR LBR 9013-2(a).

Legal Analysis and Discussion

A.     *English Language Requirement in the Federal Courts of Puerto Rico.*

"It is well settled that the law incontrovertibly demands that federal litigation in Puerto Rico be conducted in English", in accordance with 48 U.S.C. § 864. Banco Popular de P.R. v. Santiago-Salicrup, 630 B.R. 374, 378 (D.P.R. 2021), citing Estades-Negroni v. Assocs. Corp. of N. Am., 359 F. 3d 1, 2-3 (1st Cir. 2004). See also 48 U.S.C. § 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."); L. Civ. R. 5(c) ("All documents not in the English language which are presented or

filed, whether as evidence or otherwise, must be accompanied by a certified translation into English…"); P.R. LBR 9070-1(c) ("All Exhibits and documentary evidence in Spanish or other language shall be fully translated to the English language by a certified translator."); In re Bernier, 2022 WL 17096264, at *6-7, 2022 Bankr. LEXIS 3283, at *17-18 (Bankr. D.P.R. 2022) (holding that documents not in the English language should not be considered).

Debtor has not filed a certified translation in the English language of the sworn statement (dkt. #52-1), and thus failed to comply with 48 U.S.C. § 864, L. Civ. R. 5(c), and P.R. LBR 9070-1(c). Consequently, this court will not consider the merits of the same in support of Debtor's argument. Meanwhile, POC #6-2 is comprised of some documents in the English language and some documents in the Spanish language. This court will only consider the merits of those in the English language.

B.      Chapter 13 Debtor Eligibility Requirements under Section 109(e) of the Bankruptcy Code.

Section 109(e) of the Bankruptcy Code outlines the eligibility criteria that an individual must meet to be a debtor under Chapter 13 as follows:

> [o]nly an individual with regular income that owes, **on the date of the filing of the petition, noncontingent, liquidated debts of less than $2,750,000** or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated debts that aggregate less than $2,750,000 may be a debtor under chapter 13 of this title.

11 U.S.C § 109(e) (emphasis ours).

The above eligibility criteria are "specific and restrictive, with monetary amounts established to govern eligibility so as to ensure that those persons for whose benefit the chapter is directed are those who employ its provisions. Thus, the fundamental purpose of section 109(e) is to establish the dollar limitation on the amount of indebtedness that an individual with regular income can owe and still file under chapter 13." 2 Collier on Bankruptcy § 109.06 (16th ed. 2024).

Eligibility for chapter 13 is based upon debts as of the petition date, and not upon post-petition events such as allowed claims, filed claims, or treatment of claims in a confirmed Chapter 13 plan. See In re Piovanetti, 496 B.R. 57, 61 (Bankr. D.P.R. 2013), citing DeJounghe v. Lugo Mender (In re DeJounghe), 334 B.R. 760, 768 (1st Cir. BAP 2005). The starting point of the eligibility analysis are a debtor's schedules. See id. However, a debtor's characterization of the debt is not ultimately conclusive. See In re Piovanetti, 496 B.R. at 62, citing In re De Jounghe, 334 B.R. at 768, citing In re Stern, 266 B.R. 322, 326 (Bankr. D.Md. 2001) (remarking that debtor's labeling of claim as "unliquidated" did not make it so), and In re Redburn, 193 B.R. 249, 255 (Bankr. W.D.Mich. 1996) ("Although a court should rely primarily upon the debtor's schedules the court is not necessarily bound by the information contained in a debtor's schedules where it appears to a legal certainty that the amount owed is other than what the debtor says is owed ..."). "[W]hen it appears the debtor did not exercise reasonable diligence or good faith in completing and filing the schedules, the bankruptcy court may look to other evidence, including post-petition events, to determine eligibility." In re Piovanetti, 496 B.R. at 62, quoting In re DeJounghe, 334 B.R. at 768.

Based on the above, if the Debtor's schedules were completed after the exercise of due diligence and were filed in good faith, this court should rely solely upon the schedules to determine the Debtor's eligibility for Chapter 13. Conversely, if it appears Debtor did not exercise reasonable diligence or good faith in completing and filing the schedules, it is proper to look *beyond* the schedules and to other evidence to determine eligibility for Chapter 13 relief. See In re Piovanetti, 496 B.R. at 62.

C.      *Noncontingent, Liquidated Debts for Eligibility Purposes under Section 109(e) of the Bankruptcy Code.*

There is no controversy on whether Debtor meets the "individual with regular income" requirement in Section 109(e), only on whether the mortgage debt owed to Banco Popular, identified in POC #6-2, is contingent and unliquidated as Debtor claims in his Chapter 13 bankruptcy petition. As such, we limit our discussion to these two terms.

If a claim is subject to ready determination and precision in computation of the amount due, it is generally viewed as liquidated. See In re Piovanetti, 496 B.R. at 63, citing In re Huelbig, 313 B.R. 540, 544 (D.R.I. 2004). In re Vaughn, 276 B.R. 323, 325 (Bankr. D.N.H. 2002); In re Keenan, 201 B.R. 263 (Bankr. S.D.Cal. 1996); In re Mitchell, 255 B.R. 345, 360 (Bankr. D.Mass. 2000). If the value of the claim depends instead on "a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated." In re Piovanetti, 496 B.R. at 63, quoting Mazzeo v. United States (In re Mazzeo), 131 F.3d 295, 304 (2nd Cir. 1997).  Therefore, "courts have generally held that a debt is liquidated if its amount is readily and precisely determinable, as where the claim is determinable by reference to an agreement or by a simple computation." 2 Collier on Bankruptcy P 109.06[2][c] (16th ed. 2024).

Contingent debts have been defined by case law as those in which a liability is dependent upon a future extrinsic event. See In re Piovanetti, 496 B.R. at 63 (citations omitted). That is, a claim is contingent as to liability if the debtor's legal duty to pay does not come into existence until triggered by the occurrence of a future event. See 2 Collier on Bankruptcy § 109.06[2][b] (16th ed. 2024). Thus, a creditor's claim is not contingent when the "triggering event" occurs before the filing of the Chapter 13 petition. See id.

*D.*      *Debtor's Eligibility for Chapter 13 Relief Considering the Facts of this Case.*

Here, there are ample facts to warrant the conclusion, and the court thus finds, that Debtor did not exercise reasonable diligence when preparing and amending his schedules. This court finds support in the U.S. Trustee's *Motion to Show Cause*, wherein the U.S. Trustee notes that there are numerous errors in Debtor's Chapter 13 bankruptcy petition and schedules, which — prior to the filing of the U.S. Trustee's motion— had already been amended twice (dkt. #9 and #14). Moreover, there is a significant discrepancy in the amount disclosed in *Schedule D* and the amount claimed by Banco Popular in POC #6-2. Compare POC #6-2 (noncontingent, liquidated claim of $4,881,227.42 secured by the Property) with *Schedule D*, dkt. #1-1, p. 25 (contingent, unliquidated and disputed claim of $1,000.00 secured by the Property allegedly valued at $500.00). Debtor did not produce any documents to support its position as to the amounts claimed in his schedules as owed to Banco Popular and whether such debt is noncontingent and liquidated. Meanwhile, Banco Popular included various supporting documents with POC #6-2. For this reason, the court will look beyond Debtor's schedules to determine the characterization of Banco Popular's debt and Debtor's eligibility for Chapter 13 relief.

As stated, Debtor identified Banco Popular as a creditor with a contingent, unliquidated, disputed claim of $1,000.00 for a mortgage note (dkt. #1-1, p. 25). Banco Popular later filed POC #6-2 with supporting documentation stating that the amount owed by Debtor for a fully secured noncontingent, liquidated claim of $4,881,227.42. Debtor did not object to the amount, property value, or classification of Banco Popular's POC #6-2, or otherwise rebut the Trustee's arguments that the debt with Banco Popular is noncontingent and liquidated. Importantly, a proof of claim is deemed allowed unless a party in interest files an objection thereto. See Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim."); In re Galindez, 514 B.R. 79, 86 (Bankr.

D.P.R. 2014) ("[C]laims for which proper proofs have been filed are deemed allowed unless an objection is filed."). Thus, this court concludes that POC #6-2 constitutes *prima facie* evidence of the validity and amount of Banco Popular's claim for purposes of eligibility.

The debt with Banco Popular relates to a pre-petition mortgage note and its subsequent, pre-petition amendments. That is, the claim is calculable by reference to an agreement or by simple computation. Further, it is clear that Debtor's liability is not dependent upon a future extrinsic event as Debtor defaulted on the mortgage note long before filing his Chapter 13 bankruptcy petition (see POC #6-2). Thus, this court concludes that the debt is both liquidated and noncontingent for purposes of eligibility.

Lastly, we address Debtor's argument that, because the Property was a "community and marital property", the entirety of the debt claimed by Banco Popular cannot be solely attributed to Debtor for eligibility purposes. On this matter, it is important to note that, on June 30, 2003, Debtor executed a mortgage note *jointly and severally* with his ex-wife in favor of Banco Popular for the original, principal amount of $4,920,000.00 (POC #6-2, p. 16). Although it appears that some terms of the mortgage note were later amended (see, *e.g.*, POC #6-2, p. 14), the relationship between the borrowers remained unchanged. Debtor has not proffered any evidence in support of its contention that the debt was either extinguished in accordance with the Puerto Rico Civil Code or that only a portion of such debt may be attributable to him. Thus, this court concludes that Banco Popular may claim the entire amount owed for purposes of eligibility.

Debtor also claims that he "ceded" his interest in the Property to his ex-wife and gave up a right or claim with regards to the Property. Thus, Debtor claims that the debt related to the mortgage note that is secured by the Property should not be counted for eligibility purposes. Notably, Debtor has not provided any documentation evidencing the alleged transfer of ownership or interest in the Property to his ex-wife other than the sworn statement at dkt. #52-1, which will

not be considered for the reasons stated above. Although Debtor may have conveyed his ownership in his marital property to his ex-wife – which has only been alleged and no supporting document has been provided – this does not change the fact that Debtor is *jointly and severally* liable under the mortgage note executed with Banco Popular.

Thus, this court concludes that Debtor has a noncontingent, liquidated debt of $4,881,227.42 with Banco Popular, which far exceeds the monetary limits for Chapter 13 eligibility established in 11 U.S.C. § 109(e). This court further concludes that Debtor has had ample time to voluntarily convert this case to Chapter 11 and has opted not to do so.

Conclusion

For the reasons stated herein, this court concludes that Debtor is not eligible for Chapter 13 relief because he exceeds the statutory debt limits set forth in Section 109(e) of the Bankruptcy Code. Thus, the *Motion to Convert or Dismiss* is hereby GRANTED, and the case is dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of May 2024.

Enrique S. Lamoutte
United States Bankruptcy Judge

-12-